IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

ALBERT LEVON BURTON                                                      PLAINTIFF

V.                        CASE NO. 2:20-CV-0013-JTK

ANDREW SAUL, Commissioner                                                DEFENDANT
Social Security Administration

## MEMORANDUM AND ORDER

I.  Procedural History

Albert Burton filed an application under Title II of the Social Security Act for disability insurance benefits (DIB) on September 22, 2016, alleging a disability onset date of December 2, 2013. At the initial determination stage, the Social Security Administration found Plaintiff disabled as of January 1, 2016. Plaintiff requested reconsideration of the initial determination regarding his disability onset date, but his request was denied. Subsequently, Plaintiff filed a request for a hearing before an Administrative Law Judge (ALJ). The hearing was held on September 9, 2019, and the ALJ issued a decision on November 19, 2019, recognizing that Plaintiff had been found disabled as of January 1, 2016; however, he concluded Plaintiff was not disabled between December 2, 2013 through December 31, 2015. On November 19, 2019, the ALJ sent notice to the Plaintiff of the unfavorable decision, which detailed his right to an appeal of the decision, time limit for filing an appeal, and explained the appeal process. *See* DE # 6-5 pp. 1-3. The notice

stated that a written appeal had to be filed within sixty (60) days of the notice's receipt date and detailed what happened when there is no Appeals Council review. The notice specifically states:

> If you do not appeal and the Appeals Council does not review my decision on its own, my decision will become final. A final decision can be changed only under special circumstances. You will not have the right to Federal court review.

*Id.* On January 21, 2020, Plaintiff filed this lawsuit to appeal the decision of the Commissioner, finding he was not disabled between December 2, 2013 through December 31, 2015. Pending before the Court is Defendant's Motion to Dismiss. Defendant contends there is no record Plaintiff filed a request for review with the Appeals Council; therefore, this action should be dismissed because he did not exhaust his administrative appeal remedies before filing this action. Plaintiff did not file a response to the motion. For the reasons that follow, Defendant's Motion to Dismiss is granted.

II.   Discussion

A federal district court's jurisdiction to review decisions regarding disability benefits is governed by 42 U.S.C. §405(g). Under § 405(g), the court lacks subject-matter jurisdiction until "the claimant . . . present[s] a claim for benefits to the Secretary and then exhaust[s] the administrative remedies prescribed by the Secretary." *Titus v. Sullivan*, 4 F.3d 590, 592 (8th Cir. 1993) (citation omitted). In order to establish exhaustion, Section 405(g) generally requires a "final decision of the Commissioner of Social Security made after a hearing."

Title II of the Social Security Act provides the steps of the administrative review process. Pursuant to 20 C.F.R. § 404.900, the steps of review are as follows:

> (1) Initial determination. This is a determination we make about your entitlement or your continuing entitlement to benefits or about any other matter, as discussed in § 404.902, that gives you a right to further review.
>
> (2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.
>
> (3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.
>
> (4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.
>
> (5) Federal court review. When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, ***we will have made our final decision***. If you are dissatisfied with our final decision, you may request judicial review by filing an action in the Federal district court.

(Emphasis added). The decision of the ALJ is binding on all parties unless "[y]ou or another party request a review of the decision by the Appeals Council within the stated time period, and the Appeals Council reviews your case." *See* 20 C.F.R. 404.955(a). Therefore, if you do not seek review of your claim to the Appeals Council, you lose your right to further administrative review and your right to judicial review. *See* 20 C.F.R. 404.900(b). Administrative law dictates "such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies." *Sims v. Apfel*, 530 U.S. 103, 107 (2000).

III.  Conclusion

Here, Plaintiff did not request for the Appeals Council to review the ALJ's unfavorable decision; therefore, he did not exhaust his administrative remedies, and this Court is without jurisdiction over the action.  Accordingly, Defendant's Motion to Dismiss (DE # 6) is GRANTED and Plaintiff's case is dismissed with prejudice.

IT IS SO ORDERED this 20th day of May, 2020.

_____
UNITED STATES MAGISTRATE JUDGE